Chief Justice Boyle
delivered the Opinion of the Court.
On the 31st of August, 1818, James Kelly executed to Joseph Ward a deed of trust for his cotton factory, machinery, looms, bales of cotton &c. together with the lot on which the factory was erected,in consideration of one dollar, and the further consideration of the trusts therein expressed.
The deed, after reciting that Kelly was justly indebted to Ward in the sum of §600, for money lent, and to five or six other persons named sums therein specified for money lent, adds,
“And also to divers other persons, for claims not “ now recollected, and being under embarrassed cir- “ cumstances and without money to meet those “ claims, makes this transfer to prevent u sacrifice “ of his property, which he deems ample for the “ payment of his debts. If, therefore, the said “ James Kelly shall pay and satisfy the claims above “ enumerated, as well as other just debts now due a- “ gainst him, and others hereafter contracted, com- “ ing due hereafter within one year from and after *2 ts the date hereof, then the deed to be void, and the “ property to be reconveyed and restored.”
Bill.
The deed then provides, in case Kelly should fail to pay his debts Within that time, that Ward should sell, and directs him,
“To apply the proceeds to the payment of the debts of said Kelly, giving preference to those “ above enumerated.”
In the mean time, Kelly, as was further provided by the deed, was to work the factory, and was authorised to make private Sales of the property with the assent of Ward, the trustee; but no disposition was to contravene the object of the deed,
“Which (as the deed itself states) is expressly “ made and designed to secure the payment of his “ debts with said property, and avoid its sacrifice? “ at the discretion of his creditors.”
Kelly having failed to pay his debts within the year after the date of the deed of trust, Ward sold at public auction the property thereby conveyed, and William Ardery became the purchaser, at the price of gSOOO; to whom Ward conveyed, by deed bearing date the 24th September, 1819; and Ardery sold and conveyed the property, by deed, bearing date the next day, to John Porter and Andrew F. McMillan, at the price of §3350 90 cents; At the time of executing the deed of trust, by Kelly to Ward, Trotter & Co. had a suit at law depending against Kelly, upon a note for §800, and shortly afterwards they brought against him two other suits, one upon a note and the other upon an open account. All of those suits they prosecuted to judgment, and issued executions thereon; but the sheriff to whom they were delivered, was unable to find property wherewith to satisfy them.
In this state of things Trotter & Co. filed their bill to set aside the deed of trust from Kelly to Ward, as well as the deeds from Ward to Ardery, and from the latter to Porter and McMillan, on the ground of their being fraudulent and void as to creditors, and to subject the property thereby conveyed to be sold in satisfaction of their judgments; and they made Kelly, Ward, Ardery, Porter and McMillan defendants.
Decree of the circuit court.
In a deed .of trust, inability of grantor to pay all his debts, and. pendency of suits against hini,tho’ signs of fraud, are-not themselves sufficient to condemn a deed made for a valuable consideration, with ah honest intent and lawful purpose.
“One dollar” consideration in a deed of> trust, tho’ suflicieut as a-g-ainst grant- or, ,as against creditors is looked on as HQ'miualonly.
Conveyances tosecure honest debts ar®. good,. as for consideration,. against both creditors ami: purchasers.
Sufficiency of cour«¡deration will not, howwhenYhe in¡tension titraudulent and it'u'th'is’that vitiates the deed.
*3 Each of them in bis answer denies the deed of trust to be fraudulent, and the three latter insist that they are innocent purchasers, for a valuable consideration, paid without notice.
On a final hearing,, the circuit court decreed the deed of trust from Kelly to Ward, as well as the-subsequent deeds from Ward to Ardery, and from the latter to Porter and' McMillan, to be cancelled and set aside, and directed the property to be sold, &c, and to that decree the defendants in the court below have prosecuted this writ of error.
There were no depositions taken in the cause, and the question, whether the deed of trust is fraudulent or not, must depend upon the evidence arising out of the circumstances of Kelly, and from the face of the deed itself.
The pendency of a suit against Kelly by the complainants, at the time of the execution of the deed of trust, and his embarrassed circumstances, together with his acknowledged, inability to.pay bis debts, are, no doubt, badges or signs of fraud ;.but they cannot in themselves be deemed sufficient to es? tablish the fraud, if the deed be otherwise shewn to. be made for a valuable consideration, with an.hon,est intent, and for a lawful purpose.
On the score of the want of consideration,., the-deed we apprehend, is not liable to be impeached. We ascribe no importance to the consideration of, one dollar mentioned in the deed. That would. in; deed be sufficient to pass the legal title as against the-grantor, but as against creditors and purchasers, it would, were it the only consideration, be deemed merely nominal, and the deed of course would be voluntary, and consequently fraudulent and void as to them..
But the deed is made to Ward to secure a debt due to him from Kelly for money lent, and this.circumstance does in itself constitute a sufficient con-, sideration, not only to pass the title as against-the grantor, but to protect the deed from the imputation, of fraud as to creditors and purchasers, so far as. that imputation may be attempted to be founded up? on the supposed insufficiency of the consideration.
But although a deed be made for a valuable and; adequate consideration, yet if the intent with which. *4 it is made, be dishonest or unlawful, the deed wifi be deemed fraudulent. '
unlawful for a debtor by deed of trust crédito™ °ne
To prevent a sacrifice, of execution, is, as to credilent pur ose1" of a deed of trust, and such a decface vi.tiates it as to'them,
„ , tinder such a deed, whose yefertoAt0™ have notice and creditors the^estate ' their hands,
It is in iact the intention which makes a deed fraudulent, or otherwise, and all circumstances ar® material only in the degree in.which they condúcete ^10 establishment of the intention.
Tlier© is certainly nothing- unlawful or dishonest in making a conveyance with intention to secure payment of a majn’s debts, nor in doing this, can it be deemed unlawful to prefer, as it was the intoution of Kelly to do in- this case, some of his.creditors to others; for as a man may lawfully pay some his creditors before others, so lie may lawfully secure the payment of some in preference to o-tilers.
But besides the intention to secure the payment of his debts, and the intention of prefering some of his creditors to others, Kelly has avowed another and further intention in making the deed of trust to Ward; and that is, to prevent his creditors from sacrificing lus property at their discretion. 1-low were his creditors to sacrifice his. property? They cou^ ol|iy do so, by having it taken and sold under execution in satisfaction of their debts, and this it was lawful for them to do. The. deed must therefore have been made, according to the repeated avowals of Kelly on its face-, with the intent or purpose to prevent or hinder his creditors from effectively «suing the lawful means of obtaining the payment of their debts. Such an intent is evidently dishonest and unlawful, and a conveyance made with that intent or purpose, is forbidden by the. statute against frauds and perjuries, and declared to be void as to creditors, and purchasers.
If then the deed of trust from Kelly to Ward, be on its face fraudulent and void, there is no difficulty in saying, that neither Avdery, nor Porter and Mccan protect themselves, on the ground of the want of notice. For each of their deeds refers to the deed from Kelly to Ward, recites the conveyal-ce ma(i° therein in. trust, and the sale under the deed, and purports on its face to derive title through it; and’ it is well settled, that any one who takes. a deed which refers, to another, mus.-. *5 be presumed to have notice of the contents of that 0Íjier*
The decree must therefore be affirmed with